# UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 3:18-cr-00081-1** |
| | ) | **Judge William L. Campbell, Jr.** |
| | ) | |
| **Carlos Garcia-Alejos** | ) | |
| | ) | |
| *Defendant.* | ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, Carlos Garcia, Alejos, respectfully represent to the Court as follows:

1. My true full name is Carlos Garcia-Alejos. I was born in Mexico. I am 43 years old and have completed 5th grade in school.

2. My lawyer is John Tennyson.

3. I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer and believe and feel that I understand every accusation made against me in the indictment.

4. I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

5. I understand the statutory penalties for each of the offenses with which I am charged are as follows:

| Count | Offense and Statutes | Penalties |
|---|---|---|
| One | Employing Illegal Aliens in violation of 8 U.S.C. § 1324a | Imprisonment for not more than six months; A find of not more than $3,000 for each unauthorized alien employee; A period of supervised release of not more than one year after any term of imprisonment and; A $10 Special Assessment. |
| Two | Possessing and using a counterfeit resident alien card in violation of 18 U.S.C. § 1546(a) | Imprisonment of not more than 10 years; a fine of not more than $250,000; A period of supervised release of not more than three years after any term of imprisonment and; a $100.00 Special Assessment. |
| Three | Aggravated Identity theft in violation of 18 U.S.C. § 1028A | Imprisonment for not less, nor more than, 2 years; a fine of not more than $250,000; A period of Supervised Release of not more than three years after any term of imprisonment and; a $100.00 Special Assessment. |

6. I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. §3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final

*Petition to Enter a Plea of Guilty*

Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

7. I understand that, under 18 U.S.C. § 3561(a), I am not eligible for a sentence of probation if I receive any sentence of imprisonment at the same time on this offense or any other offense or am convicted of a Class A or Class B felony, of the offense is one for which probation is expressly prohibited. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

8. I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted maybe used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.] I understand that this list may not include all of the adverse consequences of my conviction in this case.

9. I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that

*Petition to Enter a Plea of Guilty*

the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

10. No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects a recommendation made pursuant to Rule 11 (c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

    a. My lawyer has explained to me that this conviction will constitute an aggravated felony under immigration law and that I will face mandatory deportation based on this conviction.

11. My lawyer has done all the investigation and research in this case that I have asked him to do and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point.

12. Fully understanding my rights to plead "NOT GUILTY' and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY' and respectfully request the Court to accept my plea as follows: **Guilty to the Information.**

13. This plea is the result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure. The

terms of that agreement are set forth in the plea agreement that is filed contemporaneously and incorporated into this document by reference.

14. I offer my plea of "GUILTY' freely and voluntarily and of my own accord; also, my lawyer has explained to me, and I feel and believe I understand this petition.

15. I am not under the influence of either drugs or alcohol.

16. I request the Court to enter now my plea of "GUILTY' as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

17. Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the _4_ day of _MAY_ 2016. 2018

_____
**Carlos Garcia-Alejos**
*Defendant*

## ACKNOWLEDGEMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea, and plea agreement (if any) are accurately stated above.

_Jimmie Lynn Ramsaur_
_Lawyer for Government_

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for Carlos Garcia-Alejos, hereby certifies as follows:

1. I have read and fully explained to Carlos Garcia-Alejos all the accusations against - him in this case;
2. To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;
3. In my opinion the plea of "GUILTY" as offered by Carlos Garcia-Alejos in paragraph 12 of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as required in paragraph 12 of the foregoing petition.

Signed by me in open court in the presence of Carlos Garcia-Alejos this ____ day of May 2018.

_John Tennyson_
_Lawyer for the Defendant_

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is **ORDERED** that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 4th day of May 2018.

_____
Judge William L. Campbell, Jr.
*United States District Court Judge*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:18-cr-00081 |
| v. | ) | |
| | ) | Judge Campbell |
| CARLOS GARCIA ALEJOS | ) | |

## PLEA AGREEMENT

The United States of America, through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Jimmie Lynn Ramsaur, and defendant, Carlos Garcia Alejos, through defendant's counsel, John Tennyson, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1.      Defendant acknowledges that he has been charged in the information in Count One with employing illegal aliens, in violation of Title 8, United States Code, Section 1324a; in Count Two with possessing and using a counterfeit resident alien card, in violation of Title 18, United States Code Section 1546(a); in Count Three with aggravated identity theft, in violation of Title 18, United States Code Section 1028A(1); and with forfeiture of proceeds and facilitating property, including $50,000 seized from the defendant.

2.      Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

<u>Charges to Which Defendant is Pleading Guilty</u>

3.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One, Two and Three of the information, charging employing illegal aliens, in violation of Title 8, United States Code, Section 1324a; possessing and using a counterfeit resident alien card, in violation of Title 18, United States Code Section 1546(a); and aggravated identity theft, in violation of Title 18, United States Code Section 1028A(1).  In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

<u>Penalties</u>

4.     The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties:  as to Count One, up to six (6) months in prison, up to $3,000 fine for each unauthorized alien employee, and a $10 Special Assessment;  as to Count Two, up to ten (10) years in prison, up to $250,000 fine, a $100 Special Assessment and up to three (3) years Supervised Release; and as to Count Three, two (2) years mandatory minimum in prison, up to $250,000 fine, a $100 Special Assessment, and up to one (1) year Supervised Release.  Defendant also understands that as a result of his offenses, he is subject to forfeiture of property as alleged in the information.  Defendant further understands that a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future, regardless of whether the defendant currently has lawful temporary or permanent resident status.

2

Acknowledgements and Waivers Regarding Plea of Guilty

Nature of Plea Agreement

5.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:18-cr-00081.

6.     Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

a.     If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

b.     If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

c.     If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

3

d.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.     At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

<u>Factual Basis</u>

8.     Defendant will plead guilty because he is in fact guilty of charges contained in Counts One, Two and Three of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Between on or about January 1, 2014, and on or about February 1, 2018, in the Middle District of Tennessee and elsewhere, the defendant, Carlos Garcia Alejos, engaged in a practice and pattern of hiring for employment in the United States certain aliens whose identities are known to the United States Attorney, knowing that said aliens were unauthorized aliens (as defined in Title 8 United States Code, Section 1324a(a)(h)(3)), with respect to such employment. In violation of Title 8, United States Code, Section 1324a(a)(1)(A) and 1324a(f)(1).

4

On or about February 1, 2018, in the Middle District of Tennessee, the defendant, Carlos Garcia Alejos, did knowingly possess and use an alien registration receipt card as evidence of authorized stay or employment in the United States, that is a Resident Alien card in the name of Carlos A. Garcia, which the defendant knew to be forged, counterfeited, altered, falsely made and otherwise unlawfully obtained. In violation of Title 18, United States Code, Section 1546(a).

On or about February 1, 2018, in the Middle District of Tennessee, the defendant, Carlos Garcia Alejos, did knowingly possess without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is using a counterfeit and false Social Security card, bearing the name Carlos Garcia Alejos and number ***-**-7868 to obtain credit from and accounts with various banks, in violation of Title 42, U.S.C. § 408(a)(7)(B), knowing that the means of identification belonged to another actual person. In violation of Title 18, United States Code, Section 1028A(a)(1).

Specifically, on January 31, 2018, Agents with the Department of Homeland Security Investigations (HSI) conducted a "walk-through" at the Veterans Administration Hospital in Nashville based on information that there were undocumented individuals, who were in the United States illegally, working for contractors and sub-contractors at the Hospital. During the walk-through, agents found three individuals who were citizens of Mexico and illegally in the United States and who were employed by a VCA Enterprises, Inc. (hereinafter "VCA"), which was a sub-contractor of Dunbar Mechanical Contractors, Inc. that had a contract with the Veterans Administration. Further investigation revealed

that the owner of VCA was the defendant, Carlos Garcia-Alejos. The foreman for VCA told agents that the defendant told him the defendant knew that one of the three individuals who was employed by VCA that HSI agents encountered was illegally in the United States and had been deported previously. Pay stubs from VCA were found in the wallets of two of the three individuals who were illegally in the country.

Agents obtained a federal search warrant for the residence of the defendant, which was also the address for VCA, and executed it on February 1, 2018. The search revealed $46,000 cash, various business and personal records, including numerous bank records, counterfeit social security and resident alien cards for the defendant and his wife. Subsequently, agents also obtained additional business and personal records from the bookkeeper for VCA. These records revealed that the source of income to the defendant and his spouse for the last several years came from either VCA, which was employing individuals who were not legally allowed to work, or from employment by other businesses based on using false or counterfeit documents to obtain and maintain that employment.

The business records, from the residence/business address and from the bookkeeper, included documents that indicated that the defendant and VCA had employed at least sixty-two (62) individuals who were not legally entitled to be in or work in the United States between the time period of January 1, 2014, and February 1, 2018. These individuals were not employed continuously, or at the same time, but were employed at some time during that time period.

During the search, agents also located a counterfeit alien registration card in the name of Carlos A. Garcia, which, if authentic, would be evidence of authorization to stay

in and be employed in the United States. The defendant admitted that he knew he was illegally in the country and thus the card was false and counterfeit.

Agents also located a counterfeit and false Social Security card, bearing the name of Carlos Garcia Alejos with a number ending in 7868. During the search, agents found a printed email in a safe in the defendant's residence that stated that the Social Security number ending in 7868 was a valid Social Security number, was active, and was issued in California. This same Social Security number had been used by the defendant on November 8, 2010, on documents he submitted to a financial institution to obtain a loan to purchase the Ford F-150 vehicle. In addition, defendant used the same Social Security number to open and use several bank accounts, including one at SunTrust, which he continued to use well into 2018.

Based on the records and documents obtained during the investigation and the statements from the defendant and witnesses, it appears that the cash seized from the residence and the funds used to purchase the Ford F-150 vehicle were property that constitutes or is derived from or is traceable to the proceeds of: the employment of individuals who were illegally in the United States and who were not authorized to be employed in the United States; and of the possession and use of the counterfeit and false Resident Alien card which the defendant knew to be counterfeit and false.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

7

## Sentencing Guidelines Calculations

9.      The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2017.

For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree to recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

a.      Offense Level Calculations.

i.      The base offense level for Count One is 12, pursuant to U.S.S.G. § 2L1.1. The base offense level for Count Two is 8, pursuant to U.S.S.G. § 2L2.2. There is no base offense level for Count Three; instead the guideline sentence is the mandatory minimum sentence of two (2) years consecutive to any other sentence, pursuant to U.S.S.G. § 2B1.6.

ii.      Counts One and Two group together because they involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan pursuant to U.S.S.G. § 3D1.2(b). Count Three does not group and requires a mandatory two year sentence of imprisonment consecutive to any other sentence imposed pursuant to Title 18, United State Code, Section 1028A(b).

iii.      Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct

8

prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

b.      Criminal History Category.   The parties have no agreement as to the defendant's criminal history.

c.      Recommended Offense Level.  Therefore, the parties agree to recommend to the Court a final offense level of 12 (the "Recommended Offense Level"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level") may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

Defendant is aware that the Recommended Offense Level and any estimate of the offense level or guidelines range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the

9

same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

<u>Agreements Relating to Sentencing</u>

10.    The government agrees to recommend that a sentence at the low end of the court-determined guidelines range be imposed with a two year consecutive sentence for the conviction of 18 U.S.C. § 1028A.  The defendant is free to recommend whatever sentence it deems appropriate.

11.    It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

12.    Defendant agrees to pay the special assessment of $250.00 at the time of sentencing to the Clerk of the U.S. District Court.

<u>Forfeiture of Property</u>

13.    The indictment charges that defendant is liable to the United States for approximately $50,000, which funds are subject to forfeiture because these funds constitute proceeds of and were involved in the violations alleged in Counts One and Two of the information.  Defendant agrees to the forfeiture of $30,000 in cash, a Ford F-150 vehicle, and a Smith and Wesson, model 642, .38 caliber revolver and related ammunition, to wit approximately 50 .38 caliber cartridge cases (collectively "Subject Property") because the Subject Property represents or is traceable to proceeds of the employment of individuals who were illegally in the United States and who were not

10

authorized to be employed in the United States, and of the possession and use of the counterfeit and false Resident Alien card which the defendant knew to be counterfeit and false.

14.     Defendant agrees to the entry of a preliminary order of forfeiture, prior to senteneing, relinquishing any right of ownership he has in the Subject Property and property and further agrees to the seizure of the Subject Property so that it may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

15.     Defendant understands that forfeiture of the Subject Property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

16.     Defendant further acknowledges that on or about February 1, 2018, administrative forfeiture proceedings were commenced against the Subject Property, and Defendant relinquishes all right, title, and interest he may have in the Subject Property.   Defendant understands that an Administrative Declaration of Forfeiture may enter against the Subject Property, and if that occurs the United States will file a notice of Administrative Forfeiture with the court and forego the Preliminary Order of Forfeiture.  Additional property seized from the defendant, Miriam Veronica Castenada-Olvera, and VCA Enterprises, Inc. and not named as a part of the Subject Property is expected to be returned to the Defendant.

Presence Investigation Report/Post-Sentence Supervision

17.     Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's

11

conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.     Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, including Immigration and Customs Enforcement, except as expressly set forth in this Plea Agreement.

Entry of Guilty Plea

20.     The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

12

## Waiver of Appellate Rights

21.     Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as determined by the Court. Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence: (i) within or above the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category.

## Other Terms

22.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as

provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

23.     The United States agrees not to seek criminal charges in the Middle District of Tennessee against the defendant's wife, Miriam Veronica Castenada-Olvera, for any offenses as a result of the fraud described in the Factual Basis section above. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

24.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

25.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

14

Conclusion

26.     Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

27.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

28.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

29.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

30.     Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 5/4/18

Carlos Garcia Alejos
Defendant

15

31.    _Defense Counsel Signature:_ I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case.  I have reviewed carefully every part of this Plea Agreement with defendant.  To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 5/4/18

John Tennyson
Attorney for Defendant


Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

By: 
Jimmie Lynn Ramsaur
Assistant U.S. Attorney


Kathryn Risinger
Deputy Chief

16